Ricardo **PEREZ–MORALES**,
Petitioner,

v.

Eric H. **HOLDER**, **Jr.**, Attorney General, Respondent.

No. 10–71901.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2014.*

Filed Feb. 18, 2014.

Murray David Hilts, Law Offices of Murray D. Hilts, San Diego, CA, for Petitioner.

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

**654**

OIL, Rebecca Hoffberg Phillips, Esquire, Trial, DOJ–U.S. Department of Justice, Washington, DC, ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: KOZINSKI, Chief Judge, and O'SCANNLAIN and MURGUIA, Circuit Judges.

MEMORANDUM **

Ricardo Perez–Morales appeals the BIA's denial of his motion to reopen to seek discretionary relief under former § 212(c) of the Immigration and Nationality Act. We review for abuse of discretion. *Valeriano v. Gonzales,* 474 F.3d 669, 672 (9th Cir.2007).

The deadline for filing a special motion to reopen to apply for discretionary relief under former § 212(c) was April 26, 2005. 8 C.F.R. § 1003.44(h). Perez–Morales filed his motion in November 2009. Equitable tolling of a deadline to file a motion to reopen will apply "where, despite all due diligence, [the party invoking equitable tolling] is unable to obtain vital information bearing on the existence of the claim." *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1193 (9th Cir.2001) (en banc) (alteration in original) (internal quotation marks omitted). We assume *arguendo* that the Immigration Judge at Perez–Morales's 1998 final removal hearing erred by not informing Perez–Morales of the availability of relief under former § 212(c). Perez–Morales is presumed to have had notice of the April 26, 2005, deadline because it was

subsequently enacted by the Attorney General and published in the Federal Register. *Luna v. Holder,* 659 F.3d 753, 760 (9th Cir.2011). And even if Perez–Morales's ignorance of the deadline could serve as a basis for equitable tolling, Perez–Morales has no explanation for why, if he first learned about his potential eligibility for § 212(c) relief when his current counsel first reviewed his file in June 2008, he waited until November 2009 to file his motion.

Additionally, a special motion to reopen to seek § 212(c) relief must establish that the alien "[a]greed to plead guilty or nolo contendere to an offense rendering the alien deportable or removable, pursuant to a plea agreement made before April 1, 1997." 8 C.F.R. § 1003.44(b)(2). Perez–Morales did not allege in his motion to reopen that his 1994 drug possession conviction was the result of a guilty plea pursuant to a plea agreement.

Because Perez–Morales's motion was untimely and did not establish his eligibility for a § 212(c) waiver, we conclude there was no abuse of discretion.

**PETITION DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.